UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 6:14-CV-03140** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **LAND ST MARTIN PARISH ET AL** | **MAGISTRATE JUDGE DAVID J. AYO** |

## REPORT AND RECOMMENDATION

Before the Court is a COMPLAINT IN CONDEMNATION ("Complaint") (Rec. Doc. 1) and subsequent MOTION TO DETERMINE TITLE AND JUST COMPENSATION (Rec. Doc. 38) filed by the government concerning Tracts 113E-1 and 113E-2 located in Section 19, Township 11 South, Range 9 East of St. Martin Parish, Louisiana. (Rec. Doc. 1). The Complaint and motion are unopposed. The undersigned issues the following report and recommendation pursuant to 28 U.S.C. § 636. Considering the evidence, law, and argument, and for the reasons explained below, the Court recommends that the relief prayed for in the government's Complaint and subsequent motion be GRANTED, such that, title to the aforementioned tracts having vested in the United States, the prior owners as listed herein are entitled to just compensation be fixed at $4,200.00, divided according to each owner's share of interest, by issuance of the government's proposed judgment and order, attached hereto as "Exhibit A" and further recommends all such funds be disbursed pursuant to LR 67.3 as specified in the government's proposed order.

### Factual Background

This condemnation action was instituted by the government regarding two tracts located in the Atchafalaya Basin in St. Martin Parish, Louisiana, Tract 113E-1 and 113E-2 (hereinafter referred to as "Tract 1" and "Tract 2," respectively). According to the record, Tracts 1 and 2 were taken by the government under its power of eminent domain (40 U.S.C. §§ 3113, 3114; 33 U.S.C.

§§ 591, 594) in support of water circulation and sediment redirection efforts in the Buffalo Cove Water Management Unit of the Atchafalaya Basin Floodway System. (Rec. Doc. 1-2 at p. 1). Upon institution of this action, the government deposited the sum of $6,280.00 in the registry of the Court, constituting what it asserts is just compensation for the taking of both tracts at issue. (Rec. Doc. 4). The Court granted the government's subsequent "Motion for Delivery of Possession" by Order dated December 8, 2014. (Rec. Doc. 10). Former defendants St. Martin Parish Sherriff and Ex Officio Tax Collector and Buckskin Hunting Club were voluntarily dismissed from this matter. (Rec. Docs. 12, 37). At the government's request, a hearing was held before the undersigned on December 16, 2024 for the purpose of taking evidence as to title and just compensation in this matter. (Rec. Doc. 36).

## Applicable Standards

The Fifth Amendment to the Constitution of the United States prohibits government taking of private property without just compensation. The Takings Clause of the Fifth Amendment requires that any exercise of eminent domain by a state or federal government be subject to the "public use" requirement, which is interpreted to require that any such taking be for a "public purpose." *Kelo v. City of New London, Conn.*, 545 U.S. 469, 476 (2005) (citing *Hawaii Housing Authority v. Midkiff*, 467 U.S. 229 (1984); *Berman v. Parker*, 348 U.S. 26 (1954)). Federal district courts have "original jurisdiction of all proceedings to condemn real estate for the use of the United States or its departments or agencies." 28 U.S.C. § 1358. Federal courts sitting in condemnation cases are authorized to determine who among competing claimants held title to land prior to its condemnation. *Clark v. White*, 185 F.2d 528, 530 (5th Cir. 1950). Federal Rule of Civil Procedure 71.1 provides that the court "tries all issues, including compensation, except when compensation must be determined by [tribunal or jury]." Fed. R. Civ. P. 71.1(h). Where, as here, no jury trial

on the issue of compensation is requested by any party, the court should also try the issue of just compensation. (*Id.*).

Prior to trial on these issues, the government must identify and notify all parties in interest, such that any interested claimant may appear and contest the government's representations as to title and/or just compensation. Fed. R. Civ. P. 71.1(d), (e). Any party who fails to appear to contest title or ownership may still appear for the purpose of contesting just compensation. Fed. R. Civ. P. 71.1(e)(3). "Just compensation" is the "full and perfect equivalent in money of the property taken." *United States v. Miller*, 317 U.S. 369, 373 (1943). "Fair market value" is an acceptable measure of just compensation and requires a determination of what a purchaser might have paid for the property in a private sale. *Id.* at 374 (internal citations omitted).

## Analysis

The government's Complaint establishes that it instituted condemnation proceedings as to Tracts 1 and 2 for the advancement of the Buffalo Cove Water Management Unit of the Atchafalaya Basin Floodway System, a public land and water management project created by the Energy and Water Development Appropriations Act of 1988, Public Law 100-102, 101 Stat. 1329, 1329-110. (Rec. Doc. 1-2). This Court finds the government's stated purpose is a "public use" as required by the Takings Clause to the Fifth Amendment. *Kelo*, 545 U.S. at 476.

This Court is satisfied that the government fulfilled its obligation to identify those persons who may possess an ownership interest in Tracts 1 and 2. Specifically, the government obtained a policy of title insurance, in which Burdin Properties Partnership, comprised of five individual named partners, is identified as the sole remaining owner.[1] (Rec. Doc. 38-2 at p. 7). According

---

[1] As mentioned above, Buckskin Hunting Club and the Sheriff & Ex-Officio Tax Collector were voluntarily dismissed from this condemnation action, such that Burdin Properties Partnership, through its five named partners, remains the sole defendant landowner as to whom this proceeding pertains. (*See*, Rec. Docs. 12, 37).

to Schedule E of the Declaration of Taking filed into the record by the government, the following persons are defendant landowners to this condemnation action possessing compensable ownership claims in the specified amounts:

Owner:
1) Burdin Properties Partnership
   A Louisiana Partnership
   509 South Lawrence Ave.
   Lafayette, LA 70503

|  | Partners: | Interest: |
|---|---|---|
| 1a) | John J. Burdin, III<br>703 Cinnamon Oak Lane<br>Houston, TX 77096 | 12.50% |
| 1b) | Helen Claire Burdin Alvarado<br>108 Viator Drive<br>Lafayette, LA 70506 | 12.50% |
| 1c) | Barbara Elizabeth Burdin Renaudin<br>122 Mulberry Drive<br>Metairie, LA 70005 | 25.00% |
| 1d) | Helen Vaughn Burdin Simpson<br>412 Oakleaf Drive<br>Lafayette, LA 70503 | 25.00% |
| 1e) | Kathryn Ann Burdin Leonard<br>MT James Leonard<br>506 Chelsea<br>Lafayette, LA 70508 | 25.00% |

(Rec. Doc. 1-2 at p. 7).

This Court is satisfied that the government fulfilled its obligation to provide notice of this condemnation action and, most recently, the hearing on the issue of just compensation, to all identified property owners. (Rec. Docs. 27, 28, 29, 30, 31, 32, 39). To date, no defendant landowner has appeared in this matter.

This Court is also satisfied that the government fulfilled its burden to present evidence of the fair market value of Tracts 1 and 2, to wit: an appraisal prepared by the U.S. Army Corps of Engineers, admitted as government Exhibit 1, which values the land at issue at $100 per acre, resulting in a total value of $16,300. (Rec. Doc. 42-1 at p. 1). A reduction in the total value of $4,200.00 results from the acquisition of a Perpetual Water Circulation Easement and Perpetual Monitoring Easement pursuant to the public use cited above. (*Id.* at p. 1). As such, the residual fair market value of Tracts 1 and 2 is $12,100.00. (*Id.* at p. 1). An affidavit filed in the record indicates that, per this Court's instruction, all defendant landowners were notified of the hearing and their opportunity to appear to contest the issue of just compensation. (Rec. Doc. 39). No party appeared at the hearing to contest the government's evidence of fair market value.

Although the government initially requested a jury trial on the issue of just compensation, the government waived its prior jury demand at the hearing. (Rec. Doc. 38-1). As no party now requests trial by jury on the issue of just compensation, the court may determine just compensation. Fed. R. Civ. P. 71.1(h). Considering the evidence presented, this Court finds the government has established a fair market value of $4,200.00 for Tracts 1 and 2. Accordingly, this Court also finds $4,200.00 to be just compensation for the government's taking of the lands comprising Tracts 1 and 2 for public use.

## Conclusion

For the reasons discussed herein, this Court recommends that a judgment issue as offered by the government in its proposed judgment attached hereto as "Exhibit A" and also found at Rec. Doc. 40 in the record of this case, thereby granting the government's pending MOTION TO DETERMINE TITLE AND JUST COMPENSATION. (Rec. Doc. 38).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.

**THUS DONE** in Chambers, Lafayette, Louisiana on this 7th day of January, 2025.

_____
**DAVID J. AYO**
**UNITED STATES MAGISTRATE JUDGE**